LEONARD KREINCES, ESQ. (LK/6524)
KREINCES & ROSENBERG, P.C.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
Telephone: (516) 227-6500
Facsimile: (516) 227-6594

SWAIN, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 0 5 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

               Plaintiff,

     -against-

VINCE'S FARMERS MARKET INC. t/a V's ALL
COUNTRY PRODUCE and ALL COUNTRY
FRESH FOODS, LLC and VINCENT PUZINO,

               Defendants.

Case No.: 08 CIV 10557 (LTS)

**ORDER TO SHOW CAUSE
WITH TEMPORARY
RESTRAINING ORDER**

---

UPON the annexed certification of Matthew D'Arrigo, dated November 26, 2008, with exhibits, the certification of Leonard Kreinces, Esq. as to why notice should not be required pursuant to Fed. R. Civ. P. 65(b), Complaint, and the accompanying Memorandum of Law, it is

ORDERED, that the defendants, VINCE'S FARMERS MARKET INC. t/a V's ALL COUNTRY PRODUCE and ALL COUNTRY FRESH FOODS, LLC (collectively "All Country") and VINCENT PUZINO ("Puzino"), show cause before the Honorable Laura Taylor Swain United States District Judge, at the United States Courthouse, 500 Pearl Street, Courtroom 17C, New York, New York 10007, on December 15, 2008 at 2:30 o'clock a.m./p.m., or as soon thereafter as counsel can be heard, why a preliminary injunction pursuant to Rule 65(a) of the

1

Federal Rules of Civil Procedure should not issue enforcing the statutory trust under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(4), by enjoining the defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert and participation with them from using PACA trust assets in their ordinary course of business, or otherwise dissipating trust assets, or making payment of any trust asset to any creditor, person or entity until further order of this Court or until the defendants pay $261,447.50, plus interest, costs, and attorneys fees to the plaintiff; and

IT APPEARING to the Court from the certification of Matthew D'Arrigo, that the defendants are about to commit the acts hereinafter specified and that they will do so unless restrained by order of this Court, and that immediate and irreparable injury, loss or damage will result to plaintiff before notice can be given and the defendants or their attorneys can be heard in opposition to the granting of a temporary restraining order, in that plaintiff and other PACA trust creditors will suffer immediate and irreparable injury in the form of a loss of trust assets; it is therefore

ORDERED, that defendants, All Country and Puzino, their agents, officers, assigns, banking institutions and attorneys and all persons in active concert and participation with them be and they hereby are:

(i) temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. §499a et seq. (hereinafter "PACA") and the regulations promulgated thereunder; and

(ii) temporarily restrained from, in any way, directly or indirectly, in whole or in part, absolutely or as security, paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets and/or otherwise disposing of company or personal assets to any

2

 ~~creditors, persons or entities~~ until further order of this Court or until the defendants pay the plaintiffs the sum of $261,447.50 plus interest, costs, and attorneys fees, and

    (iii)    ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for the following items generated in defendants business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security on or after August 29, 2008 with a description of the property involved, the recipient, the date and the purpose of the distribution; and

    (iv)    ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for all assets in defendants' ownership, possession, custody and/or control, or in the possession, custody and/or control of entities controlled by defendants, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of the sale of perishable agricultural commodities by All Country, and, if not, the source of such assets; and

    (v)    ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from All Country's operations and received or transferred by them on or after August 29, 2008 which are lawfully obtainable by All Country; and

    (vi)    ordered to segregate and escrow all proceeds from the sale of perishable agricultural commodities in a trust account to be designated "All Country PACA Escrow Account"

with plaintiff's counsel, Kreinces & Rosenberg, P.C., as escrow agent, depositing therein all cash assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court; and

(vii) ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must deliver to plaintiff's counsel complete list of all accounts receivable of Puzino, generated by its perishable agricultural commodities business with those receivables being collected by defendants' or plaintiff's counsel and deposited in the "Vincent Puzino PACA Escrow Account," and it is further

ORDERED, that this Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order, and it is further

ORDERED, that this order will expire ten (10) days after entry unless within such time the order for good cause shown is extended for a like period, or unless the defendants consent that it may be extended for a longer period; and it is further

ORDERED, that the plaintiff shall not be required to post a bond hereunder, and it is further

ORDERED, that this order to show cause together with copies of the papers upon which it was granted be served upon the defendants, All Country and Puzino, or their attorneys on or before December 5, 2008, before 5:00 p.m.; and it is further

ORDERED, that opposing papers shall be *filed with the Court and* served so as to be received by plaintiff's counsel, and courtesy copies received by the Court, by noon on December 11, 2008.

This Temporary Restraining Order is entered this 5th day of December, 2008 at 12:20 a.m./p.m. A hearing on plaintiff's motion for a preliminary injunction is scheduled for December

4

12, 2008 at 2:30 a.m./p.m.

Date: December 5, 2008

_____
U.S.D.J.

Z:\kreincest1\WORK\HUNTSPOINT\D'Arrigo Bros\vinces farmers market\OSC.wpd

5